# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VT CONSTRUCTION, INC., | |
| Plaintiff, | Case No. 2:13-cv-00907-GMN-GWF |
| vs. | **ORDER** |
| H2J ENVIRONMENTAL, LLC, *et al.*, | |
| Defendant. | |
| Related Third Party Claims | |

This matter is before the Court on Third Party Defendant International Lining Technology's ("ILT") Motion for Transfer of Venue (#26), filed on December 11, 2013. Plaintiff filed its Opposition to ILT's Motion (#29) on December 28, 2013. Third Party Defendant ILT filed its Reply (#33) on January 7, 2014.

## FACTUAL BACKGROUND

Plaintiff V.T. Construction, Inc. filed this breach of contract action against Defendants H2J Environmental, LLC ("H2J") and Cincinnati Insurance Company ("Cincinnati") in the unofficial Southern Division of the United States District Court for the District of Nevada on May 22, 2013. Plaintiff is a Nevada corporation doing business in Nevada as a licensed contractor. Plaintiff states that its principal office and place of business is located in North Las Vegas, Nevada. Plaintiff entered into a prime contract with Queenstake Resources USA on June 15, 2011 to act as general contractor for the construction of the Water Storage Reservoir and Tailings Storage Facility No. 2 at the Jerritt Canyon Mine located near Elko, Nevada. Thereafter, Plaintiff subcontracted with Defendant H2J, a Utah limited liability company, to install Geomembrane liners in the Water Storage Reservoir and Tailings Storage Facility. Defendant Cincinnati Insurance Company, an

Ohio corporation, issued surety bonds to secure H2J's performance. Plaintiff alleges that H2J breached its subcontracts by failing to supply labor and equipment necessary to complete its work within the required time, causing delays, failing to perform its work in a good and workmanlike manner, and failing or refusing to indemnify Plaintiff for damages claimed by Queenstake for defects and deficiencies in the H2J Work. One of the principal issues in the case is whether H2J was responsible for leaks in the Water Storage Reservoir. H2J did not answer the complaint and its default has been entered.

Plaintiff alleges that on November 8, 2012 it entered into a "Takeover Agreement" with Cincinnati pursuant to which Cincinnati agreed to complete H2J's work in accordance with the subcontracts as modified.[1] Plaintiff alleges that Cincinnati breached the bond by refusing to complete the performance of the H2J Work with reasonable promptness, and breached the "Takeover Agreement" by stopping work prior to completing all of the repairs to the H2J Work.

Cincinnati has filed a third party complaint against ILT, a Nevada corporation, and Veris Gold Corporation ("Veris"), a Canadian corporation, which is the successor to Queenstake. Cincinnati alleges that Plaintiff hired ILT to perform certain work on the Water Storage Reservoir and that ILT is responsible for any damages recovered by Plaintiff related to H2J's performance on the project. Cincinnati alleges that Veris (Queenstake) supplied the liners that H2J installed at the project and is responsible for any damages recovered by Plaintiff related to defects in the materials. Veris filed its answer to the third party complaint on January 14, 2014.

ILT states that its principal place of business is in Washoe County which is in the unofficial Northern Division of the District of Nevada. It requests that this action be transferred to the Northern Division. Plaintiff opposes the transfer. Defendant Cincinnati and Third Party Veris have not taken a position with respect to ILT's motion.

. . .

---

[1] The "Takeover Agreement" also contains a forum selection clause which states as follows: "Any action to enforce the terms of this agreement shall be brought in the United States District Court for the District of Nevada." *Plaintiff's Opposition (#29), Exhibit 1, pg. 6.*

2

**DISCUSSION**

Venue in this diversity action is governed by the general venue statute, 28 U.S.C. § 1391(b), which states that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

There is no assertion that venue in this action does not properly lie in the District of Nevada. ILT argues, however, that venue does not properly lie in the unofficial Southern Division of the District of Nevada. It therefore moves to transfer this action to the unofficial Northern Division pursuant to 28 U.S.C. §1406(a). Alternatively, ILT moves to transfer venue to the Northern Division pursuant to 28 U.S.C. §1404(a) which provides that "[f]or the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

28 U.S.C. §1391, which was repealed in 1988, formerly provided that in the case of two or more defendants residing in different divisions of the same district, a civil action could be brought in any such division. By virtue of the repeal of §1391, there is no longer a statutory requirement that venue be laid in a particular division within the district. 14D WRIGHT, MILLER, COOPER & FREER, FEDERAL PRACTICE AND PROCEDURE §3809 (2013). The matter of intra-district or divisional venue has been left to the local rules of the district courts. *Williams v. City of Cleveland*, 848 F.Supp.2d 646, 653 (N.D. Miss. 2012); *Reyes v. JA & M Developing Corp.*, 2012 WL 3562024, *1 (S.D.Fla. 2012); *Says v. MV David C Devall*, 161 F.Supp.2d 752, 753 (S.D.Tex. 2001) and *Borghi v. Purple Group, Inc.*, 2009 WL 1404752,*2 (D.Virgin Islands 2009). Local Rule (LR) IA 6-1 of the District of Nevada states that the State of Nevada constitutes one judicial district with two unofficial divisions, the Southern Division and the Northern Division. LR IA 8-1(a) states that a "[c]ivil action shall be filed in the Clerk's office for the division of the Court in which the action

allegedly arose."  LR IA 8-1(c) states that "[t]he Court may, in its discretion, direct that proceedings or trial take place in the division other than the division where filed."

Given that venue is proper in the District of Nevada, transfer from a district court where the action has improperly been filed pursuant to §1406(a), does not apply to the transfer of an action from one division to another within the same district.  In *Williams v. City of Cleveland*, 848 F.Supp.2d at 653, the court also questioned whether 28 U.S.C. § 1404(a) applies to intra-district transfers pursuant to a district court's local rules.  Other courts, however, consider the §1404(a) factors in deciding whether to transfer an action to another division within the district.  *Borghi v. Purple Group, Inc., supra*, at *1, n. 3.  Judges in this district have analyzed motions to transfer a civil action to either the Northern or Southern Division on the basis of the factors considered in motions to transfer venue pursuant to § 1404(a).  *See Mathis v. County of Lyon*, 2007 WL 3230142 (D.Nev. 2007), *Grimaldi v. State of Nevada*, 2010 WL 5141757 (D.Nev. 2010), and *Krische v. National Fire Insurance of Hartford*, 2013 WL 1694667 (D.Nev. 2013).

The factors considered under § 1404(a) include the following:  (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).  *Jones* states that a forum selection clause in a contract between the parties is also a significant factor in the court's analysis.  *Id.*  The United States Supreme Court's recent decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, ---U.S. ---, 134 S.Ct. 568, 581-584 (2013) states that a valid forum selection clause should be given controlling weight under § 1404(a) in all but the most exceptional cases.

As noted above, LR IA 8-1(a) states that the action shall be filed in the division in which the action allegedly arose.  The Ninth Circuit has stated that in a breach of contract action, the most appropriate venue is the place where the contract was intended to be performed.

*Soccerspecific.com LLC v. World Class Coaching, Inc.*, 2008 WL 4960232 (D.Or. 2008), citing *Decker Coal Company v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986); *Quest Marketing, Inc. v. Schneider*, 2005 WL 1113858 (D.Or. 2005); and *Poipu Resort Partners L.P. v. Meier*, 1996 WL 161765 (N.D.Cal. 1996).  The contracts at issue in this case--the subcontract between Plaintiff and Defendant H2J, the takeover contract between Plaintiff and Defendant Cincinnati, and the contract between Plaintiff and ILT--were performed or to be performed at the Jerritt Canyon Mine in Elko County, Nevada.  The Local Rule and the place of performance of the contracts therefore supports venue in the Northern Division.

Plaintiff argues, however, that its decision to file this action in the Southern Division is entitled to substantial or paramount weight under § 1404(a).  *See Quixtar Inc. v. Signature Management Team, LLC*, 566 F.Supp.2d 1205, 1207 (D.Nev. 2008) (plaintiff's choice of forum is generally given paramount consideration, but may be accorded less consideration where it is not plaintiff's home forum or lacks significant contact with the litigation).  Plaintiff has also relied on a forum selection clause in the Takeover Agreement between itself and Defendant Cincinnati.  That clause states only that the action shall be filed in the United States District Court for the District of Nevada.  It does not specify in which division of the district the action must be filed and therefor is not controlling on this question.  Plaintiff also argues that its employee-witnesses are located in North Las Vegas, which makes this division more convenient for it to litigate this action.

Plaintiff has attached a chart to its opposition listing the witnesses for each party and their place of residence.  *Opposition (#29), Exhibit 2.*  According to this chart, the witnesses employed by parties or entities other than ILT are located in Ohio, Utah, Arizona and Colorado.  Plaintiff acknowledges that ILT's personnel are located in Reno and that employees of Queenstake and SRK Consulting are located in Elko County.  Plaintiff argues, however, that the convenience of ILT and its employee-witnesses are not entitled to more consideration than the convenience of Plaintiff and its employee-witnesses.  Plaintiff also asserts that it may be more convenient for out-of-state witnesses to travel to Las Vegas than to Reno for court proceedings.  Plaintiff further argues that because the leaks in the Water Storage Reservoir have been repaired and the parties' respective experts and consultants have already made their inspections, it is unlikely that further site visits to

the mine facility will be required. Relevant documents are presumably located where the parties' businesses are situated. As Plaintiff notes, however, with the development of computers and electronically stored documents, and the ease with which such documents may be transmitted or delivered, the physical location of documentary evidence is not as significant a factor in the venue determination as it was in the past.

ILT argues that Plaintiff has underestimated the number of ILT employees located in northern Nevada who may testify in this action, and has also omitted potential witnesses employed by other parties or non-parties who are located in Reno, Fernley or Elko. Defendant argues that for witnesses located in Elko, Reno is a more convenient place for trial given the respective distances and travel times between Elko and Reno, versus Elko and Las Vegas. ILT also argues that the Northern Division of the District Court has a more substantial connection to litigation involving the mining industry because most of the mining activity is located in the northern part of the state.

Although a plaintiff's choice of forum is generally accorded substantial weight in the § 1404(a) analysis, it is entitled to less weight in this case for the following reasons: First, LR IA 8-1(a) directs that the action be filed in the division in which the action allegedly arose. The local rule thus evidences a preference that actions be filed in the division where relevant transactions or events occurred. The performance of the contracts at issue in this case took place in the Northern Division where the subject mine facilities are located and where the alleged work delays and leakage occurred. The claims in this case clearly arose in the Northern Division where the contracts were performed. Second, the bulk of the Nevada based witnesses are located in Reno, Fernley and Elko for whom the federal courthouse in Reno is a more convenient and accessible forum. Out-of-state witnesses may find either Reno or Las Vegas to be the more convenient forum for them. The fact that Plaintiff's personnel are located in southern Nevada does not outweigh the requirement of the local rule or the other factors that support venue in the Northern Division. The Court therefore concludes that this action should be litigated and tried in the Northern Division of the District Nevada. Accordingly,

**IT IS HEREBY ORDERED** that Third Party Defendant International Lining Technology's ("ILT") Motion for Transfer of Venue (#26) is **granted**, and this action shall be transferred to the

1  unofficial Northern Division of the United States District Court for the District of Nevada for all
2  further proceedings.
3      DATED this 10th day of March, 2014.

                                     */s/ George Foley Jr.*
                                     GEORGE FOLEY, JR.
                                     United States Magistrate Judge